
DA 12-0582

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 143N

IN RE THE MARRIAGE OF:

ALETA HAUSER,

      Petitioner and Appellant,

  v.

JOSEPH HAUSER,

      Respondent and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eleventh Judicial District, In and For the County of Flathead, Cause No. DR 09-550(B) Honorable Katherine R. Curtis, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          Aleta Hauser (self-represented), Columbia Falls, Montana

      For Appellee:

          Marybeth M. Sampsel; Measure, Sampsel, Sullivan & O'Brien, P.C., Kalispell, Montana

Submitted on Briefs:   May 1, 2013

Decided:   May 28, 2013

Filed:

_____
                               Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Aleta Hauser appeals the District Court's Findings of Fact, Conclusions of Law, and Decree of Dissolution of Marriage, entered August 31, 2012. She contends that the District Court erred in valuing the parties' business, and erred in proceeding with the trial without ruling on outstanding motions. We affirm.

¶3      The parties were married in 1995. In 2004 they used $265,000 that Joseph inherited from an uncle and received as a gift from his mother, to make a down payment on a business called the Montana Vortex & House of Mystery near Columbia Falls, Montana. They lived in a separate residence on the property.

¶4      Aleta commenced the action for dissolution of the marriage in September 2009 and the District Court conducted a bench trial in December 2011. At trial Aleta presented expert testimony that the business should be valued at $495,000, and Joseph agreed with that valuation. The District Court found that the business was encumbered with loans totaling $319,371, leaving a net equity of $175,629. The District Court found that after the parties separated, Aleta moved out of the residence and Joseph continued to run the business. The District Court found that after separation both parties took cash out of the business, and that Aleta took at least $85,000 in cash after separation. The District Court did not include that money as part of the marital estate.

2

¶5 The District Court awarded the business and residence to Joseph, along with all the associated outstanding debt. The decree requires Joseph to obtain releases for Aleta's personal liability on all of that debt. If he fails to do so within a year, the business and residence will be awarded to Aleta. The District Court specifically recognized that the distribution of assets favored Joseph by about $100,000, but that this was justified to account for Joseph's use of inherited and gifted money to buy the business originally.

¶6 Upon review of the record, including the parties' agreement on the valuation of the business, we conclude that the District Court equitably divided the parties' property as required by § 40-4-202(1), MCA. A district court enjoys wide discretion in apportioning the marital estate, and equity does not require a 50-50 distribution. *Collins v. Collins*, 2004 MT 365, ¶ 30, 324 Mont. 500, 104 P.3d 1059.

¶7 Aleta also contends that the District Court erred by conducting the trial in this case without ruling upon her outstanding motions to compel discovery from Joseph. She contends that this information was necessary to place a proper valuation on the business. However, at trial Aleta presented expert evidence to support the $495,000 valuation for the business and testified that she agreed to that number. In addition, the record reflects that Aleta, through her attorney, chose to proceed with the trial without a resolution of those motions to compel.

¶8 Having agreed to proceed with trial and having agreed to the valuation of the business, Aleta may not now place the District Court in error.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues raised in this case are matters of judicial discretion and there clearly was not an abuse of discretion.

¶10 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ BRIAN MORRIS